## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**PERRY KENNON,**
**ADC #111658**                                                          **PLAINTIFF**


v.                                    **4:11-cv-518-DPM**


**MCDONALD'S INC., DIANE**
**CASTORENA, and NIGEL L. HASKETT**                      **DEFENDANTS**

### ORDER

This is the second time that Perry Kennon, a *pro se* state inmate, has

brought § 1983 claims against these Defendants.   Before docketing the

complaint, or as soon as practicable thereafter, the Court must screen it.  The

Court must identify cognizable claims or dismiss if the complaint is frivolous

or malicious, fails to state a claim, or seeks monetary relief against an immune

defendant.  28 U.S.C. § 1915A(b).

This is Kennon's second attempt to sue these Defendants based on the

same set of facts. *Kennon v. McDonald's Inc., et al.*, 4:11-cv-1-DPM.  He alleges

that, in August 2008, while he and his fiancée were having a disagreement in

a McDonald's restaurant, he was attacked and beaten by Nigel L. Haskett, a

McDonald's employee.   Kennon also named restaurant manager Diane Castorena and McDonald's, Inc., as Defendants.  In Kennon's previous case, this Court ruled:

> A Section 1983 violation occurs when a person acting under color of law deprives another person of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.A. § 1983 (West 2003). But there are no state actors in the case. Haskett and Castorena are private citizens; and McDonald's is a private corporation. None of the facts in Kennon's complaint even suggest that the Defendants were acting under color of state law. *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Kennon's claims against all the Defendants must therefore be dismissed.

*Kennon v. McDonald's Inc., et al.*, 4:11-cv-1-DPM, *Document No. 3, at 3–4.*

For the same reason, Kennon's claims against all Defendants in this case are dismissed without prejudice. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not in good faith.

So Ordered.

D.P. Marshall Jr.
United States District Judge

8 July 2011